IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOUGLAS FREULER, derivatively on behalf of Parker Drilling Company, | § § § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-10-3148 |
| | § | |
| ROBERT L. PARKER, JR., ROBERT L. PARKER, JOHN W. GIBSON, ROGER B. PLANK, R. RUDOLPH REINFRANK, ROBERT E. MCKEE, III, GEORGE J. DONNELLY, ROBERT W. GOLDMAN, GARY R. KING, DAVID C. MANNON, JAMES W. WHALEN, W. KIRK BRASSFIELD, LYNN G. CULLOM, and DIES 1 through 20, inclusive, | § § § § § § § § § § | |
| | § | |
| Defendants, | § | |
| -and- | § | |
| PARKER DRILLING COMPANY, a Delaware corporation, | § § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER OF DISMISSAL**

The above referenced shareholder action, against certain officers and directors of Parker Drilling Company ("Parker Drilling" or the "Company"), a major provider of on-land and offshore drilling services worldwide, and Parker Drilling itself, alleges that individual Defendants knew or recklessly disregarded the offer or payment of bribes by Parker Drilling employees, representatives, agents and/or contractors to Kazakh and Nigerian government officials to obtain or retain business for Parker Drilling in violation of the Foreign Corrupt Practices Act

("FCPA"), 15 U.S.C. Sec. 78dd-1 *et seq.*, and that they, in violation of the reporting requirements of the Securities Exchange of 1934, 15 U.S.C. § 78m(b)(2)(A-B), caused or allowed the Parker Drilling to file false and misleading statements with the U.S. Securities and Exchange Commission ("SEC"), which failed to reflect the amount and purpose of payments made in violation of the FCPA.  Pending before the Court are the following motions:

(1) Nominal Defendant Parker Drilling's motion to dismiss Plaintiff's Second Amended Verified Shareholder Complaint[1] (instrument #47), for failing to plead that demand is excused, joined by Defendants David C. Mannon, James W. Whalen, W. Kirk Brassfield, and Lynn G. Cullom (#49);

(2) Defendants Robert W. Goldman, George J. Donnelly, and Gary R. King's motion joining #47 (#48);

(3) Defendants John W. Gibson, Jr., Robert E. McKee, III, Roger B. Plank, and R. Rudolph Reinfrank's motion to dismiss (#50); and

(4) Robert L. Parker, Sr. and Robert L. Parker, Jr.'s motion to dismiss Plaintiff's Second Amended Verified Shareholder Complaint (#51).

The Court hereby incorporates its Opinion and Order of June 30, 2011 (#36), granting these same Defendants' initial motions to

---

[1] Instrument #37.

dismiss the first amended complaint for Plaintiff Douglas Freuler's failure to plead the kind of particularized facts required to excuse his failure to make a demand on the Board of Directors before bringing suit, but also granting leave to Plaintiff, derivatively on behalf of Parker Drilling, to file an amended complaint to meet the heightened pleading requirements set out in that Opinion and Order.  Plaintiff has amended his complaint, which attempts to assert derivatively the same claims for breach of fiduciary duty, abuse of control, gross mismanagement, corporate waste and unjust enrichment as well as a "direct" claim for declaratory and injunctive relief.[2]

In essence all Defendants' motions assert that Plaintiff's amended complaint has the same failings as his two earlier efforts the individual Defendants join in or adopt Nominal Defendant's motion.

Nominal Defendant now contends,

Once again, Plaintiff offers a variety of irrelevant facts and unsupported conclusions and again he strings together improper inferences, all based on the one fact he has:  the on-going FCPA investigation of Parker Drilling.  From this one fact, Plaintiff links together the following presumptions:  because there is an

_____

[2] As the Court indicated in its earlier order, claims for abuse of control, gross mismanagement, and waste of corporate assets all arise from the alleged breach of fiduciary duties and have been viewed as merely repackaging the same issue under different causes of action rather than as separate torts.  *Clark v. Lacy*, 376 F.3d 682, 686-87 (7th Cir. 2004)(applying Delaware law); *In re Zoran Corp. Deriv. Litig.*, 511 F. Supp. 2d 986, 1019 (N.D. Cal. 2007).

investigation, there must have been violations of the law; because the law must have been violated, there must have been deficiencies in the internal controls; because there must have been internal control deficiencies, a majority of the defendants must have known of the deficiencies and deliberately chosen to do nothing about them.

#47 at 2. Moreover Plaintiff continues to fail to distinguish Defendants' individual roles with respect to all the claims and continues to indulge in prohibited group pleading, alleging identical facts against each. In the only new pleading attempt, without alleging any individualized facts, Plaintiff "inartfully (and errantly) recast[s] his previously dismissed claims as 'direct,' seeking a 'declaratory judgment' that the directors breached their fiduciary duties resulting in Parker Drilling's yet-to-be-established FCPA concerns,"[3] even though "Delaware law makes it clear that it is substance, not the pleaded characterization or

---

[3] Nominal Defendants cite numerous cases to demonstrate that courts regularly reject using a declaratory judgment mechanism to circumvent procedural and substantive barriers to suit: *e.g.*, *C & E Servs., Inc. v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002)(prohibiting use of declaratory judgment as "an end-run around" the exclusive remedy of an administrative hearing under the Service Contract Act); *Mylan Pharms., Inc. v. Thompson*, 268 F.3d 1323, 1331 (Fed. Cir. 2001)(barring use of the Declaratory Judgment Act to achieve "delisting" when no private right of action for "delisting" exists under the Federal Food, Drug, and Cosmetic Act); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W. 3d 849, 855-56 (Tex. 2002)(plurality op.)("[P]rivate parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages . . . as a declaratory-judgment claim."); *Hartford Cas. Ins. Co. v. Budget Rent-A-Car Sys., Inc.*, 796 S.W. 2d 763, 772 (Tex. App.--Dallas 1990, writ denied)(rejecting use of declaratory judgment to obtain otherwise unavailable attorneys' fees).

form of a claim, that establishes it as a direct or derivative claim. *Dieterich v. Harrer*, 857 A.2d 1017, 1027 (Del. Ch. 2004)("A claim is not 'direct' simply because it is pleaded that way."); *In re Syncor Int'l Corp. S'holders Litig.*, 857 A.2d 994, 997 (Del. Ch. 2004)(It is "the duty of the court[] to look at the nature of the wrong alleged, not merely at the form of words used in the complaint," to determine the correct characterization of a claim); *Tooley v. Donaldson, Lufkin & Jenrett, Inc.*, 845 A.2d 1031, 1033 (Del. 2004)(whether a claim is direct or derivative "turn[s] *solely* on the following questions:  (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?").  For a direct claim a plaintiff must show "that he or she can prevail without showing an injury to the corporation." *Id.* at 1036.  The Second Amended Complaint, which asks the court to "declare" exactly what Plaintiff attempts to establish derivatively, expressly states that the injuries were suffered by Parker Drilling and that Plaintiff seeks damages on Parker Drilling's behalf.  Dressing up his breach of fiduciary duty claims as direct claims when they are clearly derivative does not relieve him of the requirement to make demand on the board or demonstrate its futility.

Finally Nominal Defendant newly points out that Parker Drilling's restated certificate of incorporation includes a

standard exculpatory provision, Article Twelfth, that defends the
directors against claims not involving intentional misconduct,
which Section 102(b)(7) of the Delaware General Corporation Law
permits corporations to adopt to protect their directors from
financial liability for breaches of fiduciary duty that do not
involve bad faith, disloyalty, or improper personal benefit. Del.
Code Ann. tit. 8, § 102(b)(7)(2001).[4] To overcome this exculpatory
provision,[5] Plaintiff must allege conduct more culpable than mere
negligence or even gross negligence. *McPadden v. Sidhu*, 964 A.2d
1262, 1273-74 (Del. Ch. 2008)(a claim of breach of a director's
fiduciary duty of care in making business decisions requires a
showing of gross negligence, i.e., "conduct that constitutes
reckless indifference or actions that are without the bounds of
reason"). Plaintiff's pleading fails to state facts required to
support a claim for breach of a duty of good faith as a non-
exculpated claim.

Because the Court finds that Plaintiff's response reiterates
his same, insufficient, conclusory or erroneous allegations, the
Court does not summarize them. Nominal Defendant points out that

---

[4] *See Gantler v. Stephens*, 965 A.2d 695, 709 n.37 (Del.
2009)("Under 8 Del. C. § 103(b)(7), a corporation may adopt a
provision in its certificate of incorporation exculpating its
directors [but not it officers] from monetary liability for an
adjudicated breach of their duty of care.")

[5] "The court may take judicial notice of the certificate in
deciding a motion to dismiss." *McPadden*, 964 A.2d at 1273 n.28.

all of his arguments were also rejected in *Midwestern Teamsters Pension Trust Fund v, Baker Hughes, Inc.*, No. Civ. A. H-08-1809, 2009 WL 6799492 (S.D. Tex. May, 7, 2009), *report and recommendation adopted*, 2010 WL 3359560 (S.D. Tex. May 26, 2010). Nominal Defendant's reply summarizes its earlier points; the other Defendants' replies join in that reply.

Accordingly, the Court

ORDERS that all Defendants' motions to dismiss (#47, 48, 49, 50, and 51) are GRANTED and this action is dismissed for failure to demonstrate that Plaintiff's failure to make a demand on the board is excused.

**SIGNED** at Houston, Texas, this __14th__ day of __March__, 2012.

_____
          MELINDA HARMON
UNITED STATES DISTRICT JUDGE